UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

        - v. -

IRINA DILKINSKA,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SUPERSEDING
INFORMATION**

S17 17 Cr. 630 (ER)

DOC # 591

## COUNT ONE
### (Conspiracy to Commit Wire Fraud)

The United States Attorney charges:

1.    From in or about 2014 through in or about 2019, in the Southern District of New York and elsewhere, IRINA DILKINSKA, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2.    It was a part and an object of the conspiracy that IRINA DILKINSKA, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, DILKINSKA aided in the operation of an international fraud scheme involving the sale of a purported cryptocurrency known as "OneCoin" — by, among other things, managing the scheme's proceeds and evading

law enforcement investigations into the scheme — as part of which false statements and misrepresentations were made to solicit individuals throughout the world, including in the Southern District of New York, to invest in OneCoin, thereby causing individuals to send interstate and international wires, purportedly to secure their OneCoin investments.

## Overt Acts

3.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.     From at least in or about 2014 until at least in or about 2019, coconspirators made false representations to investors that OneCoin had a blockchain and that its price was based on supply and demand and induced investors to invest billions of dollars in OneCoin.

b.     From at least in or about 2015 until at least in or about 2018, IRINA DILKINSKA, the defendant, operated as OneCoin's Head of Legal and Compliance and helped run its day-to-day operations.

c.     In or about August 2018, DILKINSKA attempted to arrange an "initial coin offering" for OneCoin.

(Title 18, United States Code, Section 371)

## COUNT TWO
### (Conspiracy to Commit Money Laundering)

The United States Attorney further charges:

4.     From at least in or about 2014 through in or about 2019, in the Southern District of New York and elsewhere, IRINA DILKINSKA, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i).

2

5.     It was a part and an object of the conspiracy that IRINA DILKINSKA, the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which transactions affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, proceeds of the wire-fraud scheme alleged in Count One of this Information, in violation Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

<u>**Overt Acts**</u>

6.     In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.     In or about 2016, IRINA DILKINSKA, the defendant, arranged to transfer approximately $111,000,000 in proceeds of the "OneCoin" wire fraud scheme to a Cayman Islands entity controlled by a coconspirator for the purpose of concealing the origin of those funds.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATIONS**

7.     As a result of committing the wire fraud offense alleged in Count One of this Superseding Information, IRINA DILKINSKA, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title

28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense.

        8.    As a result of committing the money laundering offense alleged in Count Two of this Information, IRINA DILKINSKA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

<u>Substitute Asset Provision</u>

        9.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third party;

        c.    has been placed beyond the jurisdiction of the court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Sections 853; and
Title 28, United States Code, Section 2461.)

DAMIAN WILLIAMS
United States Attorney
Southern District of New York