**CLARICK**
**GUERON**
**REISBAUM**

Ellen Blain
eblain@cgr-law.com
Direct: 646.398.5060

September 3, 2025

**VIA ECF**
Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Scott*, 17 Cr. 630 (ER)

Dear Judge Ramos:

On behalf of Lidia Kolesnikova-Scott, wife of Mark Scott, defendant in the above-captioned matter, I write respectfully in connection with Ms. Kolesnikova's third-party petition (Dkt. 675), as well as Marietta Halle's third-party petition (Dkt. 689), for ancillary hearings pursuant to 21 U.S.C. § 853.  For the reasons set forth below, Ms. Kolesnikova respectfully requests that all proceedings related to these third-party petitions be stayed pending resolution of a related action in Florida state court.  The Government joins in this request.  Counsel for Ms. Halle has not yet responded to inquiries seeking a position on this request.

**Procedural History**

On March 20, 2025, Ms. Kolesnikova filed a petition for an ancillary hearing in this matter to assert her right, title, and interest in certain properties identified in the Court's Preliminary Order of Forfeiture (Dkt. 612) – including her rights to an apartment located at 600 Coral Way, Suite 12, Segovia Tower, Coral Gables, Florida, 33134 ("Florida Property"), where she has been living for more than a decade.  The Government's response to Ms. Kolesnikova's petition is currently due by September 8, 2025 (Dkt. 693).

Four months later, on July 11, 2025, Ms. Halle filed a petition asserting her rights to the Florida Property (Dkt. 689); there is currently not a court-ordered deadline for the Government to respond to Ms. Halle's petition.

Ms. Halle alleges that she has a "judgment lien" that is superior to Ms. Kolesnikova's rights, but inferior to the Government's rights, to the Florida Property.  Dkt. 688 at 5, n.9 (asserting that "Ms. Halle's interest [] remains superior to the interest of [Ms. Kolesnikova]"); *see also id.* at 10 (asserting that Ms. Halle's interest is superior to the "Non-Forfeitable Equity" of the Florida Property); *id*. at 16 (seeking an order that Ms. Halle's interest "be satisfied from the proceeds remaining after satisfaction of the Government's forfeiture interest").  Ms. Halle alleges that her rights to the Florida Property derive from a settlement agreement resolving litigation she filed in Florida state court, *Mariette Halle v. Mark Scott*, Case No. 2020-012112-CA-01, Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida, involving monies she loaned to Mark Scott for his criminal defense.  *See* Dkt. 688-3 (Exhibit 16); *see also*

Hon. Edgardo Ramos
Page 2

Dkt. 688 at 9 (asserting that this "ancillary proceeding concerns the enforcement of [Ms. Halle's] judgment lien [that] arose from litigation commenced against Mr. Scott and his wife" in Florida). The parties in that matter entered into a settlement agreement on October 11, 2021. Dkt. 688-3 (Exhibit 16). Pursuant to that settlement agreement, Ms. Halle obtained a "final consent judgment" of $1,340,000 "against Mr. Scott," and released Ms. Kolesnikova "from any claims set forth in the Amended Complaint [] as well as any claims that could have been asserted against her known or unknown by Mrs. Halle, as well as any claims that could have been asserted against her in conjunction with the posting of a $750,000 bond for Mr. Scott." *Id.* The Florida court retained jurisdiction to enforce the terms of the settlement agreement. Dkt. 688-3 (Exhibit 14).

On August 26, 2025, Mr. Scott filed a motion before the same Florida court, seeking an order requiring Ms. Halle to "comply with the terms of the parties' Settlement Agreement" and prohibiting Ms. Halle from attempting to circumvent the Settlement Agreement by adjudicating, in this Court, claims that she released in the Florida action: specifically, Ms. Kolesnikova's interest in the Florida Property. *See Halle v. Scott*, Verified Motion, Filing No. 230293088 (attached at Exhibit A). Per the Florida court's standing order in that matter, Ms. Halle's response to the motion is due by September 5, 2025. *See Halle v. Scott*, Order dated July 9, 2020 (attached as Exhibit B).

### Request for a Stay

Ms. Kolesnikova and the Government respectfully request that this Court stay any proceedings concerning Ms. Halle's and Ms. Kolesnikova's third-party petitions pending resolution of the motion in Florida, for several reasons.

First, Ms. Halle claims that her rights to Florida Property arise from a settlement agreement and consent judgment resolving litigation she filed in the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida. *See* Dkt. 688 at 9; *see also* Dkt. 688-3 (Exhibit 16). The other party to that settlement agreement argues that Ms. Halle's claims here violate the agreement and consent judgment. *See* Exhibit A. The Circuit Court in Florida retained jurisdiction to "enforce the terms of the parties' Confidential Settlement Agreement and this Final Consent Judgment." Dkt. 688-3 (Exhibit 14). In addition, this dispute between Ms. Halle and Ms. Kolesnikova concerns rights to property located in Florida and the application of Florida law, including the state's property laws and homestead exemption. *See* Dkt. 688 at 13-16 (asserting rights under Florida law). Accordingly, their competing property claims under the Florida settlement agreement are properly adjudicated by that court, the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade County.

Second, resolving these competing claims in Florida comports with Section 853(n), which contemplates that the Court determine a petitioner's interest in property vis-à-vis the Government, but not vis-à-vis other petitioners. *See, e.g., United States v. Dougherty*, 2024 WL 3966553, at *3, Case No. 1:22-cr-00168-AKB (D. Idaho Aug. 26, 2024) ("Section 853(n) permits a third party to file a petition asserting its own interest in the property, not challenging any other party's interest in the property. Specifically, § 853(6)(A) limits the Court's determination to whether the petitioner has a legal right, title, or interest in the property that 'was

Hon. Edgardo Ramos
Page 3

vested in the petitioner rather than *the defendant* or was superior to any right, title, or interest of *the defendant* at the time of the commission of the acts which gave rise to the forfeiture of the property.' The Court lacks authority to determine [one petitioner's] interest in the Real Property relative to others who may possess a valid interest in the Property.") (citations omitted, emphasis in original); *see also United States v. $557,933.89, More or Less, in U.S. Funds*, 287 F.3d 66, 77 (2d Cir. 2002) ("It must be remembered that what is adjudicated in a judicial civil forfeiture proceeding is the *government's* right to the property, not the claimant's.") (emphasis in original).

Finally, resolving these competing claims in Florida not only comports with the settlement agreement and Section 853(n), *see Doughtery*, 2024 WL 3955553 at *3, but will also conserve party and judicial resources, clarifying which third party petitioner has standing to assert her rights to the Florida Property in this proceeding. And as noted above, Ms. Halle's response to the motion is currently due by September 5, 2025, and defendant in that proceeding intends to proceed expeditiously.

This is Ms. Kolesnikova's and the Government's first request for such a stay.[1] If the Court grants this request, Ms. Kolesnikova will: (i) file an update on the status of the Florida action every 90 days; and (ii) inform the Court of any decision in the Florida court on the pending motion within two weeks of such a decision.

We thank the Court for its consideration of this request.

Respectfully,

*/s/ Ellen Blain*

Ellen Blain
*Counsel for Lidia Kolesnikova*

---

[1] The Government reserves its right to move forward on final forfeiture of any assets as to which Ms. Kolesnikova and Ms. Halle do not dispute.