

Julia I. Catania
212 - 993 - 5898 (o)
838 - 646 - 0835 (m)
jcatania@weddlelaw.com

September 5, 2025

**By ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> **MEMO ENDORSED**
>
> The government is directed to respond on the issues of whether: (1) Greenwood should be made to apply for a temporary appointment under the Criminal Justice Act, and (2) if so, whether the application should be a public document.
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 9/15/2025
> New York, New York

Re:   **United States v. Karl Sebastian Greenwood**, S5 17 Cr. 630 (ER)

Dear Judge Ramos:

 We respectfully submit this letter pursuant to the Court's August 28, 2025 Order directing us to respond to Inner City Press' letter, *see* ECF 697. Mr. Lee's letter is incorrect and the Court should grant our request without requiring a burdensome process of submitting a CJA form 23. *First*, Mr. Lee misconstrues the Second Circuit's decision and Mr. Greenwood's letter regarding that decision, *see* ECF 696, when he claims that we seek to "press forward and continue to argue for withholding the letters." As our letter stated, in line with the Second Circuit's directive, Mr. Greenwood seeks to assist the Court by suggesting appropriate redactions to the letters of support submitted with his sentencing memorandum (the Second Circuit found that the redactions to the sentencing memorandum were entirely appropriate), not to argue for withholding the letters. *Id.*

 *Second*, Mr. Lee is incorrect in claiming that the burden of undertaking this litigation related to the protection of confidential and sensitive information, and most recently complying with the Second Circuit's decision, is somehow a self-created burden by Mr. Greenwood. Mr. Greenwood never asked to be part of this criminal prosecution, Mr. Lee's efforts to access private and sensitive information, but having been prosecuted and now subject to this drawn-out litigation with Mr. Lee, he is entitled to counsel to assist him in navigating the process. The CJA seeks to ensure indigent defendants—regardless of guilt or innocence or litigating positions—legal representation under the Sixth Amendment to the Constitution. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006) ("The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause." (quoting *Strickland v. Washington*, 466 U.S. 668, 684-85 (1984)); *Guide to Judiciary Policy*, Vol. 7, §110.10, Defender Services Program, Mission (Jan. 5, 2022) ("The mission of the Defender Services program is to ensure that the right to counsel guaranteed by the Sixth Amendment, the Criminal Justice Act . . . and other congressional mandates is enforced on behalf of those who cannot afford to retain counsel and other


September 5, 2025
Page 2

necessary defense services."). In this way, temporary CJA appointment is appropriate here where Mr. Greenwood is indigent, currently incarcerated, and the Second Circuit has specifically asked him to continue to litigate before this Court to balance the competing right of access with the need to protect not only Mr. Greenwood's sensitive information but that of innocent third parties.

*Lastly*, while ordinarily a CJA Form 23 would be required before appointment of counsel, here, the Court has already received ample financial information from Mr. Greenwood (via Probation's presentence investigation report) and has made a finding that Mr. Greenwood has no ability to pay. *See* sentencing transcript at 35 ("I will not impose a fine as I find that Mr. Greenwood will not be able to pay a fine due to the other financial aspects of the sentence."). The Administrative Office of the Federal Judiciary has determined that "CJA Form 23 [i.e., the financial affidavit] is not a required statutory form." Form Instructions for Financial Affidavit, U.S. Courts (March 29, 2021).[1] The Southern District's CJA rules explain that a judicial officer must make a "determination of whether a person is financially eligible for the appointment of counsel." Revised Plan for Furnishing Representation Pursuant to the Criminal Justice Act, U.S. District Court for the Southern District of New York (adopted by the Board of Judges of the SDNY May 31, 2023; Approved by the Judicial Council of the Second Circuit June 7, 2023) at Section VI(C).[2] While the rule lists two methods of determining financial eligibility—submission of a financial affidavit sworn before a notary or a judicial officer, or a sworn statement in open court—given Mr. Greenwood's incarceration in Danbury, Connecticut, and his prior submission to Probation of financial information under penalty of perjury, which information was included in the presentence investigation report and subject to the opportunity for adversarial testing by the prosecution (it was undisputed)—the procedures mentioned in the rules are extremely burdensome for Mr. Greenwood, counsel, the U.S. Marshals Service, and the Bureau of Prisons, with no marginal effect on the Court's ability to make a CJA determination that is a mere extrapolation of the finding the Court already made—that Mr. Greenwood has no ability to pay a fine—based on the presentence investigation. Accordingly, we request that the Court make its determination without requiring a new form or affidavit or an in-court appearance. In the event the Court requires confirmation that Mr. Greenwood's financial picture has not changed for the better since his presentence investigation report was issued, we request that the Court accept a signed declaration from Mr. Greenwood to that effect (executed in conformity to Title 28, United States Code, Section 1746), which we can obtain by mail. We estimate that obtaining this confirmation by mail may take several weeks.

---

[1] Available at https://www.uscourts.gov/forms-rules/forms/financial-affidavit.
[2] Available at https://www.nysd.uscourts.gov/sites/default/files/2023-06/CJA%20PLAN%20-%202023.pdf.


September 5, 2025
Page 3

    In addition, in consideration of the passage of time since our first letter to the Court and Mr. Lee's additional objections, we request 30-days from the Court's decision regarding temporary CJA appointment to propose redactions to the letters of support.

    Respectfully Submitted,

    *Julia I. Catania*
    Julia I. Catania