

Julia I. Catania
212 - 993 - 5898 (o)
838 - 646 - 0835 (m)
jcatania@weddlelaw.com

September 26, 2025

**By ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     **United States v. Karl Sebastian Greenwood**, S5 17 Cr. 630 (ER)

Dear Judge Ramos:

    We respectfully submit this letter describing proposed redactions to the letters of support submitted with Mr. Greenwood's sentencing memorandum to comply with the Second Circuit's July 28, 2025 decision in *Lee v. Greenwood*, 23-7432-cr. The Second Circuit affirmed the redactions to Mr. Greenwood's sentencing memorandum in their entirety and remanded for this Court to "conduct an individualized review of the sealed exhibits" to "identify[] any necessary partial redactions." ECF 85.1 at 13. By separate email to the Court and prosecution, we will submit for filing under seal the currently sealed sentencing letters, marked to show the proposed redactions, as well as our *ex parte* Second Circuit brief, which was accepted for filing under seal by the Second Circuit and which provides detailed explanations (under seal) for certain of the proposed redactions. We request that these materials be sealed, since they contain the sensitive information described herein. In the event the Court agrees with our proposed redactions, we will redact the materials accordingly and file them on ECF in redacted form.

    In the Second Circuit's opinion and remand order, the Second Circuit stated that "the district court can directly communicate with parties about particular objections and elicit the parties' assistance in identifying any necessary partial redactions." *Id*. In addition, the Second Circuit explained that "district courts need not provide line-by-line justifications for each redaction to demonstrate that they have conducted such an individualized review," and that "[a] brief explanation may be enough to justify the sealing or redaction of multiple filings as long as it demonstrates that the district court made an individualized inquiry." *Id*. at 14. The Second Circuit specifically found that this Court's explanations were sufficient to demonstrate that it had conducted the necessary individualized inquiry and made proper findings regarding the sealed portions of Mr. Greenwood's sentencing memorandum. *Id*. at 12, 14. In particular, the Second Circuit agreed that the redactions to the sentencing memo were "narrowly tailored to protect Greenwood's privacy interests, the privacy interests of his family and friends, and their safety" and that "[o]ther redactions in the sentencing


memorandum serve the higher interest of protecting law enforcement interests." *Id*. at 12-13.

In conformity with the Second Circuit's decision, therefore, we have provided a markup of the sealed letters of support with proposed redactions highlighted in yellow. We submit that the proposed redactions are narrowly tailored to protect the same health, privacy, safety, and law enforcement interests already endorsed by the Second Circuit in approving of the redactions to the sentencing memorandum. The proposed redactions comprise the following categories of information:

- Names, addresses, and identifying information of third parties (excluding Mr. Greenwood's parents' names) that were previously filed under seal;

- Reference to Mr. Greenwood's personal health information or that of third parties';

- Sensitive information regarding Mr. Greenwood's children, who are minors, and photographs of minors; and

- Sensitive information implicating law enforcement interests.

These redactions protect the higher interests that this Circuit has found overcome the First Amendment right of access. *See United States v. Amodeo* (Amodeo II), 71 F.3d 1044, 1051 (2d Cir. 1995) ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (alterations in olriginal) (quoting *Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

In addition, we submit that two exhibits, exhibits 1 and 46, should be redacted in their entirety because they contain health information and other sensitive information presenting risks of harm as explained in the sealed portion of our Second Circuit brief at pages 16-18. *See United States v. Erie County*, 763 F.3d 235, 244 n.8 (2d Cir. 2014) (stating that the Circuit does not "exclude the possibility that the District Court may determine that some redactions may be necessary upon unsealing . . . [f]or example, redacting medical information . . . would be especially appropriate"); *Matter of New York Times Co.*, 828 F.2d at 116 ("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions . . . should remain sealed or should be redacted."). Any effort to reveal portions of those exhibits would necessarily reveal the sensitive information and cause the harm that the Second Circuit identified as avoidable through appropriate redaction of sensitive materials.

                Respectfully Submitted,

                */s/ Julia I. Catania*

                Julia I. Catania